**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREG GAMACHE,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 11-59 Erie** |
| | ) | |
| v. | ) | |
| | ) | |
| **FEDERAL BUREAU OF** | ) | |
| **INVESTIGATIONS, et al.,** | ) | **Magistrate Judge Susan Paradise Baxter** |
| **Defendants.** | ) | |

## MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is hereby recommended that the instant action be dismissed as frivolous in accordance with this Court's authority under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for leave to proceed in forma pauperis should be dismissed as moot.

### II. REPORT

On March 10, 2011, Plaintiff, a resident of Saint Charles, Missouri, filed the instant action naming the Federal Bureau of Investigations and the Federal Communications Commission as Defendants. In his unsigned "Civil Motion" which this Court has liberally construed as his complaint, Plaintiff alleges that tens of thousands of individuals have been injured by the use of electronic weapons against them, yet the named agency Defendants have refused to investigate a single incident. Plaintiff claims that some of these incidents of the use of electronic weaponry have occurred at unspecified places within this state. As relief, Plaintiff seeks a court order

1

directing both the Federal Bureau of Investigation and the Federal Communications Commission to investigate "these matters whenever they are reported across the entire United States." ECF No. 1-1, page 3.

With regards to a proceeding in forma pauperis such as this one, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (b) the action … -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 190 U.S. 319, 324 (1989). The statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

In this case, a review of the PACER dockets reveals that Plaintiff has recently filed identical cases in several other federal district courts. See Greg Gamache v. Federal Bureau of Investigation, 5:11-cv-125 (M.D. Florida, filed March 10, 2011); Greg Gamache v. Federal Bureau of Investigation, 1:11-cv-25 (N.D. West Virginia, filed March 10, 2011); Greg Gamache v. Federal Bureau of Investigation, 4:11-cv-142 (D. Arizona, filed March 10, 2011); Greg Gamache v. Federal Bureau of Investigation, 1:11-cv-86 (N.D. Indiana, filed March 9, 2011); Greg Gamache v. Federal Bureau of Investigation, 1:11-cv-210 (D. Delaware, filed March 10, 2011).

Further, Plaintiff has also filed several lawsuits which are similar to the instant action. In these suits, Plaintiff seeks a court order requiring the passage of a state law "protecting its citizens from the use of electronic weapons." See Greg Gamache v. The State of South Carolina,

6:11-cv-566 (D. South Carolina, filed March 10, 2011); Greg Gamache v. The State of Delaware, 1:11-cv-204 (D. Delaware, filed March 9, 2011); Greg Gamache v. The State of North Carolina, 5:11-cv-108 (E.D. North Carolina, filed March 9, 2011). Additionally, Plaintiff has also filed several lawsuits seeking a court order requiring the federal government to pass a federal law regarding the use of electronic weapons. See Greg Gamache v. United States of America, 6:11-cv-573 (D. South Carolina, filed March 10, 2011); Greg Gamache v. United States of America, 1:11-cv-205 (D. Delaware, filed March 9, 2011); Gregory Gamache v. United States of America, 5:11-cv-109 (E.D. North Carolina, filed March 9, 2011); Gregory Gamache v. USA, 1:11-cv-593 (D. Colorado, filed March 9, 2011); Gregory Gamache v. USA and State of Idaho, 1:11-cv-92 (D. Idaho, filed March 9, 2011) (complaint against USA seeking passage of federal law and complaint against State of Idaho seeking passage of state law conditionally filed together); Gregory Gamache v. United States of America, 3:11-cv-296 (D. Oregon, filed March 9, 2011); Gregory Gamache v. United States of America, 3:11-cv-173 (W.D. Wisconsin, filed March 9, 2011). Besides the cases listed here, Plaintiff has filed numerous other lawsuits in the federal courts across the United States. See, for example, Greg Gamache v. Various Unknown Individuals Employing Mind Altering Devices, 2011 WL 240219 (D. Maine, 2011).

Here, besides the abusive nature of the duplicative filings, Plaintiff's patently frivolous allegations warrant dismissal of this case. A claim is frivolous if the alleged facts are "irrational or wholly incredible, as when they are fanciful, fantastic, or delusional." Murph v. Stumbo, 2005 WL 2245466, at *1 (W.D. Ky., 2005) citing Denton v. Hernandez, 504 U.S. 25, 32-3 (1992). In my opinion, Plaintiff's complaint fits squarely within that category and should be dismissed as frivolous.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed as frivolous in accordance with this Court's authority under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's motion for leave to proceed in forma pauperis should be dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Federal Rules of Civil Procedure, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  March 11, 2011